UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS,<br><br>  Plaintiff,<br><br>  v.<br><br>RUSSELL, *et al.*,<br><br>  Defendants. | Case No.  2:22-cv-00095-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) PROCEED ONLY WITH HIS FIRST AND EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANT RUSSELL; OR<br><br>(2) DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, alleges that the defendant correctional officers violated his rights by failing to protect him from being harmed by other inmates, retaliating against him for calling the Prison Rape Elimination Act ("PREA") hotline, and using excessive force against him. I have screened the complaint and determined that it states viable First and Eighth Amendment claims against defendant Russell. No other claim is sufficiently plead, however. Plaintiff must choose

whether to proceed with his cognizable claims or to delay service and file an amended complaint. I will also grant his application to proceed *in forma pauperis*.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that, on July 1, 2021, he filed a prison grievance concerning the failure of two officers, Gosai and Russell,[1] to protect him from an attack by other inmates.[2] ECF No. 1 at 3. Defendants Vina and Sass allegedly dismissed the concerns raised in his grievance and told him that "we don't believe inmates." *Id.* Plaintiff goes on to allege that other inmates continued to threaten him but does not claim that they actually harmed him. *Id.*

Plaintiff does raise cognizable First and Eighth Amendment claims against defendant Russell. He alleges that, after his meeting with Vina and Sass, defendant Russell was assigned to escort him to a different building. *Id.* Plaintiff expressed his safety concerns to Russell, and the officer responded by handcuffing him and shoving him toward his destination. *Id.* Plaintiff walked a short distance before Russell tripped him, jumped on his back, and twisted his fingers. *Id.* Plaintiff lost consciousness during the attack and, upon awakening, heard Russell tell Vina and Sass that his attack was motivated by plaintiff's decision to call the PREA hotline. *Id.* These allegations, while sufficient to sustain causes of action against Russell, do not implicate Vina and Sass in any violation of plaintiff's constitutional rights. Plaintiff does not, for instance, allege that either of these defendants knew or approved of Russell's retaliatory assault.

Plaintiff may proceed only with his claims against Russell or he may delay serving anyone and file an amended complaint. If he chooses to proceed against Russell, he should voluntarily dismiss his claims against the other defendants. Alternatively, if plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended

---

[1] I cannot tell whether the Russell implicated in this failure to protect is the same officer named in this action.

[2] That failure to protect does not appear to be part of this lawsuit.

complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff must either state his intent to proceed only against Russell or file an amended complaint. If he chooses to proceed against Russell, he should voluntarily dismiss his claims against the other defendants.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    June 30, 2022                                              
                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE