UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS,<br><br>        Plaintiff,<br><br>  v.<br><br>RUSSELL,<br><br>        Defendant. | Case No. 2:22-cv-00095-JDP (PC)<br><br>**ORDER**<br><br>GRANTING DEFENDANT'S MOTION TO COMPEL AND GRANTING IN PART DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER<br><br>ECF Nos. 33 & 37<br><br>PLAINTIFF'S DISCOVERY RESPONSES DUE WITHIN THIRTY DAYS |

      Plaintiff brought this action under 42 U.S.C. § 1983 alleging that defendant Russell assaulted him in retaliation for plaintiff having called the PREA hotline. ECF No. 1 at 3. Defendant has filed a motion to compel arguing that plaintiff failed to respond at all to properly served interrogatories and requests for production of documents. ECF No. 33. Defendant asks that plaintiff be directed to answer his discovery request within thirty days. Plaintiff did not file an opposition, but instead filed what the court assumes are purported discovery responses. ECF No. 35. Defendant filed a reply and argues that plaintiff's response is neither a proper response to his discovery requests nor an explanation of why plaintiff has failed to respond to discovery request. ECF No. 36. In light of the delay with discovery, defendant also moves to modify the scheduling order and to vacate remaining deadlines. ECF No. 37. For the reasons stated below,

defendant's motion to compel is granted, defendant's motion to modify the scheduling order is granted in part, and plaintiff is directed to respond to defendant's requests within thirty days.

### Motion to Modify the Scheduling Order

Defendant moves to vacate all pending discovery and scheduling deadlines. ECF No. 37. Plaintiff has not filed an opposition. Defendant's motion is granted in part. In an effort to keep this case on track, I will modify, instead of vacating, the outstanding deadlines. The deadline for the completion of all discovery, including filing all motions to compel discovery, is April 26, 2024. Dispositive motions shall be filed on or before September 27, 2024.

### Motion to Compel

Defendant attests that he served plaintiff with interrogatories and requests for production of documents on October 6, 2023. ECF No. 33-1 at 2. After defendant did not receive any responses from plaintiff, defendant sent plaintiff a meet and confer letter on November 20, 2023. *Id.* In the letter, defendant provided plaintiff with an additional ten days to file responses. *Id.* As of the time he filed his motion, December 6, 2023, defendant had not received any discovery responses from plaintiff. *Id.*

On January 22, 2024, plaintiff filed a document titled "Plaintiffs Response to Discovery Request." ECF No. 35. Plaintiff writes that he received a response from the Office of Appeals on November 1, 2023, which contains the witnesses and evidence that he wishes to present at trial. *Id.* at 1. Plaintiff additionally asks that RN Olsen be questioned and subpoenaed, since she was the first person he saw when he regained consciousness. *Id.* Plaintiff finally asks that evidence of officers' refusal to wear body-worn cameras be entered into evidence and that trial be set forthwith. *Id.* Included in his motion are three documents: a letter from the Office of Appeals, dated November 1, 2023, *id.* at 2; a grievance dated March 9, 2022, *id.* at 3-4; and a memorandum regarding plaintiff's grievance, dated February 25, 2022, *id.* at 5. Defendant has filed a reply, arguing that plaintiff's filing does not address why he has failed to respond to properly served discovery. ECF No. 36.

Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve upon

another party written interrogatories that relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Defendant served interrogatories and requests for production of documents on plaintiff October 6, 2023. After plaintiff did not serve a timely response to either, defendant offered him an extension of time to respond. Plaintiff has neither responded to the discovery requests nor has he opposed the instant motion to compel.[1] Accordingly, defendant's motion to compel is granted. Plaintiff must submit, within thirty days, responses to defendant's discovery requests in good faith and comply with the Federal Rules of Civil Procedure. If plaintiff fails to adequately answer defendant's discovery requests, I may recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to compel, ECF No. 33, is granted. Plaintiff must submit answers to defendant's requests for discovery within thirty days of this order's entry. Failure to do so may result in a recommendation that this action be dismissed.

2. The discovery deadline is extended to April 26, 2024. Any motion to compel must be filed by that date. The dispositive motions deadline is extended to September 27, 2024.

3. Defendant's motion to modify the discovery and scheduling order, ECF No. 37, is granted.

---

[1] I find that plaintiff's January 22 filing does not constitute an opposition to defendant's motion. Plaintiff did not state that he served discovery responses or articulate why he has not been able to serve such responses. If plaintiff intended his filing to act as his responses to defendant's discovery requests, he must serve those on defendant.

IT IS SO ORDERED.

Dated: ___March 5, 2024___          _____
                                     JEREMY D. PETERSON
                                     UNITED STATES MAGISTRATE JUDGE