UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUSSELL,<br><br>　　　　　Defendant. | Case No. 2:22-cv-0095-JDP (P)<br><br>ORDER |

Plaintiff Daryl Hicks is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties move for sanctions; plaintiff seeks sanctions for defendant's failure to appoint him counsel and defendant seeks terminating sanctions for plaintiff's failure to comply with the court's March 6, 2024 order compelling him to respond to her discovery requests. Defendant also has pending two motions to modify the scheduling order; both demonstrate good cause and will be granted in part. The competing motions for sanctions, however, will both be denied.

**Background**

The August 30, 2023 discovery and scheduling order set the deadline for completing all discovery as February 16, 2024. ECF No. 30. Defendant served plaintiff with her first set of

1

1   interrogatories and requests for production of documents on October 6, 2023.  ECF No. 43 at 2.
2   When plaintiff failed to timely respond, defendant moved to compel plaintiff's discovery
3   responses.  ECF No. 33.  On March 6, 2024, the court granted defendant's motion to compel,
4   finding that plaintiff had failed to respond to defendant's discovery requests.  ECF No. 38.  The
5   court ordered plaintiff to respond to defendant's discovery within thirty days.  *Id.*

6   On April 1, 2024, plaintiff filed with the court a document titled, "Plaintiff Discovery
7   Response."  ECF No. 40.  In that filing, plaintiff stated that CDCR is in possession of each item
8   requested by defendant.  *Id.*  Unsatisfied with plaintiff's response, defendant extend plaintiff
9   another week to serve compliant discovery responses.  ECF No. 43 at 3.  When plaintiff did not
10  respond, defendant filed the instant motion for terminating sanctions, in which defendant argues
11  that plaintiff's failure to comply with the March 6 order should result in dismissal.  *Id.* at 4-7.

12  Plaintiff states in his opposition that he believed discovery in a civil case operated the
13  same as discovery in a criminal case, in that he would be appointed counsel and only the
14  government had a duty to turn over discovery.  ECF No. 47.  Plaintiff claims that any error made
15  by him was not made willfully or in bad faith.  *Id.*

16  Defendant acknowledges in her reply brief that plaintiff provided responses to her
17  interrogatories and requests for production of documents on June 24, 2024 and June 27, 2024,
18  respectively.  ECF No. 48 at 3-4.  She now argues that plaintiff's responses were "entirely
19  noncompliant with this Court's order and the rules of discovery" and that therefore this action
20  should still be dismissed.  *Id.* at 6.

21  **Motions for Sanctions**

22  Defendant requests terminating sanctions against plaintiff for his failure to respond to her
23  discovery requests.  Federal Rule of Civil Procedure 37(b) provides that a party may be
24  sanctioned for not obeying a discovery order.  Defendant argues that plaintiff should be
25  sanctioned for his failure to comply with the court's March 6, 2024 order compelling plaintiff to
26  respond to defendant's discovery requests.

27  The court is uncertain whether plaintiff willfully disobeyed the March 6 order.  Defendant
28  acknowledges that she received plaintiff's responses to her discovery on June 24 and 27, 2024.

1  ECF No. 48 at 3-4.  Defendant's motion to compel was premised on plaintiff's complete failure to
2  respond to her discovery requests.  The court granted defendant's motion to compel on that basis
3  and ordered plaintiff to respond to defendant's discovery requests.  Plaintiff has, albeit untimely,
4  responded to defendant's discovery requests.  The court finds that plaintiff complied sufficiently
5  with the March 6 order.

6  Despite plaintiff's newfound compliance, defendant argues that terminating sanctions are
7  warranted because plaintiff's responses are deficient.  *Id.*  Whether plaintiff's responses are
8  sufficient for the purpose of responding to defendant's discovery requests is a separate issue and
9  one that defendant has only raised in her reply.  Defendant have not filed a motion to compel
10 arguing that plaintiff's responses were deficient.  Regardless of whether plaintiff's responses are
11 deficient, the issue raised in defendant's motion for terminating sanctions is whether plaintiff
12 obeyed the March 6 order.  At this juncture, the court is satisfied that have plaintiff has engaged
13 in the discovery process.

14 However, in light of defendant's position that plaintiff's responses are deficient, the court
15 will grant defendant time to review plaintiff's responses and prepare a motion to compel, if
16 necessary.

17 Plaintiff moves for sanctions against defendant for not appointing him counsel.  ECF No.
18 41.  This motion is denied.  As the court has already informed plaintiff, he does not have a
19 constitutional right for the appointment of counsel in this action.  ECF No. 32.

20 **Motions to Modify the Scheduling Order**

21 Defendant has filed two motions to modify the scheduling order; the first seeks a ninety-
22 day extension of time for discovery, ECF No. 42, and the second seeks to move the dispositive
23 motion deadline to sixty days after the court rules on her pending motion for terminating
24 sanctions, ECF No. 49.  Good cause appearing, both motions are granted in part.  The deadline
25 for the competition of discovery is forty-five days from the date of this order and the deadline for
26 filing dispositive motions is ninety days from the date of this order.

27 Accordingly, it is hereby ORDERED that:

28 1. Plaintiff's motion for sanctions, ECF No. 41, is denied.

2. Defendant's motion for terminating sanctions, ECF No. 43, is denied.

3. Defendant's motions to modify the scheduling order, ECF Nos. 42 & 49, are granted in part. The deadline for the completion of discovery is forty-five days from the date of this order and the deadline for filing dispositive motions is ninety days from the date of this order.

IT IS SO ORDERED.

Dated:   November 7, 2024                      _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE