UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS,<br><br>    Plaintiff,<br><br>v.<br><br>RUSSELL,<br><br>    Defendant. | Case No. 2:22-cv-0095-DJC-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is incarcerated and proceeding without counsel, has filed a motion for reconsideration of the court's August 25, 2025 order closing this action for his failure to prosecute and failure to comply with court orders. ECF No. 60.

In January 2022, plaintiff filed this action against defendant Russell, a correctional officer, alleging that defendant violated plaintiff's First and Eighth Amendment rights. ECF No. 1. On April 7, 2025, defendant moved for summary judgment. ECF No. 55. In response, plaintiff filed a motion asking for a trial date and appointment of counsel. ECF No. 56. I denied plaintiff's requests and reminded him that his opposition to defendant's motion was due twenty-one days from April 7. ECF No. 57. Plaintiff did not file an opposition to defendant's motion, so, on June 9, 2025, I ordered plaintiff to (1) to show cause why this action should not be dismissed for his failure to comply with court orders and failure to prosecute, and (2) to file a response to

1

1  defendant's motion. ECF No. 58. I also warned plaintiff that failure to comply with that order
2  would result in a recommendation that this action be dismissed. *Id*. Plaintiff did not respond. On
3  July 17, 2025, I recommended that this action be dismissed for plaintiff's failure to prosecute and
4  to comply with court orders. ECF No. 59. Plaintiff did not file objections to the findings and
5  recommendations. The court adopted the findings and recommendations on August 25, 2025, and
6  closed this action. ECF No. 60.

7  Plaintiff has now filed a motion for reconsideration of the court's August 25, 2025 order.
8  ECF No. 64. Under Rule 60(b), the court may grant reconsideration of a final judgment and any
9  order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
10 evidence which, with reasonable diligence, could not have been discovered within ten days of
11 entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. *See*
12 Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be
13 brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Motions for reconsideration should
14 be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342,
15 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for
16 reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

17 Additionally, Local Rule 230(j) requires that, when a party makes a motion for
18 reconsideration, the party must show "what new or different facts or circumstances are claimed to
19 exist or were not shown upon such prior motion, or what other grounds exist for the motion" and
20 "why the facts and circumstances were not shown at the time of the prior motion." "A motion for
21 reconsideration should not be granted, absent highly unusual circumstances, unless the district
22 court is presented with newly discovered evidence, committed clear error, or if there is an
23 intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*
24 *& Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted).

25 Plaintiff has not identified a valid basis for reconsidering the court's August 25, 2025
26 order. Plaintiff states that he was homeless following his release from prison and that he did not
27 receive any court orders until September 18, 2025. ECF No. 64 at 1. Plaintiff states that he was
28 arrested in March of this year and is currently incarcerated, with a release date of October 8,

2025. *Id.*

Unfortunately, this is not plaintiff's first warning about the consequences of his failure to prosecute and comply with court orders; prior to this case's dismissal, I issued three orders to show cause based on plaintiff's failure to prosecute and to comply with court orders. ECF Nos. 8, 45, & 58. Further, plaintiff does not explain why he was unable to notify the court of his address change when he claims that he has been incarcerated since March of this year. Plaintiff has been notified several times of the consequences for failing to prosecute his case, to meet necessary deadlines, and to reply to court orders. *Id.* I also notified plaintiff at the outset of this case that the Local Rules require him to advise the court of his address.[1] Local Rule 183(b); ECF No. 3-1 at 2. Plaintiff's failure to comply with his obligations to provide the court of his address does not constitute a valid basis for reconsideration under Rule 60(b).

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for reconsideration, ECF No. 64, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[1] Indeed, the court has tried to assist plaintiff with keeping his address current. For example, after I reminded plaintiff about his opposition deadline in the April 30, 2025 order, the court updated plaintiff's address on May 9, 2025, based on his filing in 2:22-cv-0903, and re-served the April 30, 2025 order on that new address. Following the re-service, the court waited an additional thirty days before issuing the order to show cause.

3

IT IS SO ORDERED.

Dated:   October 7, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4