UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS, | Case No. 2:22-cv-0095-DJC-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| RUSSELL, | |
| Defendant. | |

Plaintiff is incarcerated and proceeding pro se in an action brought under 42 U.S.C. § 1983.[1] Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

---

[1] Plaintiff states that he will be released from jail on October 10, 2025, and after that date, he requests that his mail be sent to 4035 E. Elizabeth Street, Compton California 90221. ECF No. 68 at 1. As a one-time courtesy, I will request that the Clerk of the Court serve an additional copy of this order and the court's October 7, 2025 order on plaintiff at the above identified address. However, it is incumbent on plaintiff to keep his address updated. *See* Local Rule 183(b).

1

1  se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970
2  (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The
3  burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Circumstances
4  common to most prisoners, such as lack of legal education and limited law library access, do not
5  establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

      Having considered the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, ECF No. 68, is DENIED; and

2. As a one-time courtesy, the Clerk of the Court is directed to serve an additional copy of this order and the court's October 7, 2025 order on plaintiff at 4035 E. Elizabeth Street, Compton California 90221. Plaintiff is required to advise the court of his current address. Local Rule 183(b).

IT IS SO ORDERED.

Dated:    October 9, 2025                        /s/ Jeremy Peterson
                                                       JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE